# NO. 12-13-00207-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| **JOHN KEELY BATTLES, APPELLANT** | § | **APPEAL FROM THE 273RD** |
| **V.** | § | **JUDICIAL DISTRICT COURT** |
| **THE STATE OF TEXAS, APPELLEE** | § | **SHELBY COUNTY, TEXAS** |

***MEMORANDUM OPINION***
***PER CURIAM***

This appeal is being dismissed for want of jurisdiction. Following a guilty plea, Appellant was convicted of intoxication assault, and his sentence was imposed in open court on February 15, 2013.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). When a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2). A motion for new trial is timely when it is filed no later than thirty days after the date the trial court imposes sentence in open court. TEX. R. APP. P. 21.4(a).

Appellant filed a motion for new trial. To extend the time for filing Appellant's notice of appeal, the motion for new trial was due to have been filed no later than March 18, 2013. However, the motion was not filed until March 28, 2013. Therefore, Appellant's motion for new trial was untimely, and his notice of appeal was due to have been filed on or before March 18, 2013. *See* TEX. R. APP. P. 21.4(a), 26.2(a)(1). Appellant did not file his notice of appeal until

June 11, 2013, and did not file a motion for extension of time to file his notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3.  *See* TEX. R. APP. P. 26.3 (appellate court may extend time for filing notice of appeal if, within fifteen days after deadline for filing notice of appeal, appellant files notice of appeal in trial court and motion complying with Texas Rule of Appellate Procedure 10.5(b) in appellate court).  Therefore, his notice of appeal was untimely, and this court does not have jurisdiction of the appeal.

Because this court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3, the appeal must be dismissed.  *See **Slaton v. State***, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); ***Olivo v. State***, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, the appeal is ***dismissed for want of jurisdiction***.

Opinion delivered July 24, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**JULY 24, 2013**

**NO. 12-13-00207-CR**

**JOHN KEELY BATTLES**,
Appellant
V.
**THE STATE OF TEXAS**,
Appellee

---

Appeal from the 273rd Judicial District Court
of Shelby County, Texas. (Tr.Ct.No. 10CR18,060)

---

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*